UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. WHORTON,

      Plaintiff,                   Civil No. 2:21-CV-10187
                                      HON. DENISE PAGE HOOD
                                      CHIEF UNITED STATES DISTRICT JUDGE

v.

JODI DEANGELO, et. al.,

      Defendant,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT WITHOUT PREJUDICE, DENYING THE MOTION FOR A RESTRAINING ORDER WITHOUT PREJUDICE, AND ALLOWING PLAINTIFF 60 DAYS TO FILE AN AMENDED COMPLAINT**

James M. Whorton, ("Plaintiff"), incarcerated at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is dismissed without prejudice, because the complaint as written fails to adequately state a claim for relief under 42 U.S.C. § 1983. The Court GRANTS plaintiff sixty days from the date of this order to file an amended complaint which adequately pleads a claim for relief.

## I. STANDARD OF REVIEW

Plaintiff is allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

1

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## II. COMPLAINT

Plaintiff alleges that he is a mentally ill prisoner who suffers from an unspecified psychological problem. Plaintiff alleges that he is being denied mental health treatment, but does not specify what type of mental health treatment he requires or why it is necessary for him to receive this treatment. Plaintiff also claims that the denial of psychological treatment is retaliatory but he fails to allege what activity that plaintiff engaged in that he is being retaliated against for. Plaintiff names several defendants, including Jodi Deangelo, the warden at the Woodlend Center Correctional Facility (W.C.C.C.), Sonal Patel, the Deputy Warden at W.C.C.C., Paul Schreiber, the Administrative Assistant at W.C.C.C., Jonathan Rhodes, an Inspector at W.C.C.C., Mara Trefry, the Supervisory Mental Health Chief at W.C.C.C., and Zuri McGarrity, the other Supervisory Mental Health Chief at W.C.C.C.

## III. DISCUSSION

The complaint must be dismissed against Defendant Deangelo, the warden at W.C.C.C., Deputy Warden Patel, and Administrative Assistant Paul Schreiber, because plaintiff failed to allege any personal involvement on the part of any of these defendants with the alleged unconstitutional deprivation.

A supervisory official cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002)(*quoting Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (*citing to Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

Warden Deangelo, Deputy Warden Patel, and Administrative Assistant Schreiber are not liable under § 1983 in their supervisory capacity for the alleged violation of plaintiff's rights, because plaintiff failed to alleged that the warden, assistant warden, or the administrative assistant committed any of these acts or

acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

Plaintiff's claims of the denial of mental health treatment and retaliation must be dismissed because his allegations are conclusory and vague.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education*, 76 F. 3d 716, 726 (6th Cir. 1996); *See also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998)(conclusory unsupported allegations of a constitutional deprivation do not state a § 1983 claim).

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule seeks "to avoid technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Chase v. Northwest Airlines Corp.*, 49 F. Supp. 2d 553, 563 (E.D. Mich.1999)(*quoting* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1215).

Plaintiff's "bare bones", conclusory assertions within his complaint are insufficient to state a cognizable constitutional claim. *See Coker v. Summit County Sheriff's Dep't,* 90 F. App'x. 782, 787 (6th Cir. 2003); *See also Payne v. Secretary of Treas.*, 73 F. App'x. 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed.R.Civ.P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her.").

Plaintiff's conclusory statement that the defendants failed to provide him mental health or psychiatric treatment is insufficient to state claim under § 1983, because plaintiff nowhere has identified the substance of the alleged deprivations. *See O'Hara v. Wigginton*, 24 F.3d 823, 826-27 (6th Cir. 1994). Conclusory allegations by a prisoner of medical indifference on the part of prison officials are insufficient to state a claim for relief. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003); *See also Hix v. Tennessee Dept. of Corrections,* 196 F. App'x. 350, 357 (6th Cir. 2006).

Plaintiff's retaliation claim is likewise conclusory "A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.

3d 378, 394 (6th Cir. 1999). However, "[c]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state ... a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F. 3d 571, 580 (6th Cir. 2005)(*quoting Gutierrez v. Lynch*, 826 F. 2d 1534, 1538-39 (6th Cir. 1987)). In this case, plaintiff does not allege that he engaged in any constitutionally protected conduct or that the defendants' alleged action of denying him mental health treatment was motivated at least in part by the exercise of such conduct. Plaintiff's unsupported claim that the defendants had a retaliatory motive for denying him mental health treatment is too attenuated to state a § 1983 claim. *See McMillan v. Fielding,* 136 F. App'x. 818, 820-21 (6th Cir. 2005). Because plaintiff has failed to allege both a set of facts that would support a claim of retaliation and a causal connection necessary to satisfy the Sixth Circuit's test for retaliation claims, his complaint is subject to dismissal. *See Pack v. Martin*, 174 F. App'x. 256, 259 (6th Cir. 2006).

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, ... [t]he court should freely give leave [to amend] when justice so requires." A district court can allow an inmate to amend his or her complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's (PLRA) screening requirements for prisoner and *in forma pauperis* (IFP) suits. *See LaFountain v. Harry*, 716 F. 3d 944, 951 (6th Cir. 2013). The Court

7

will grant plaintiff sixty days from the date of this order to file an amended complaint which alleges sufficient facts that could state a claim for relief.

## V. ORDER

The complaint is dismissed for failing to state a claim upon which relief can be granted. The dismissal is without prejudice to plaintiff filing an amended complaint within sixty days of this order which pleads sufficient facts that would state a claim for relief. If Plaintiff fails to file an amended complaint which pleads sufficient facts within sixty days, this action will be dismissed with prejudice and the case designated closed at that time.

The request for a restraining order (ECF No. 2) is denied without prejudice.

s/Denise Page Hood
Chief Judge, United States District

Dated: February 11, 2021